

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| PRIMERICA LIFE INSURANCE COMPANY | CIVIL ACTION NO. |
| VERSUS | SECTION **07-3550** |
| JAMES RUSSELL RAINE, SUCCESSION OF ERNEST R. SMITH, JR., EMMA J. SMITH, AND MARSHALL FUNERAL HOME | JUDGE<br>MAGISTRATE **SECT. S MAG. 5** |

### COMPLAINT FOR INTERPLEADER

Plaintiff, Primerica Life Insurance Company (hereinafter "Primerica"), files this Complaint for Interpleader, and states:

### PARTIES

1.

**Plaintiff.** Primerica is a Massachusetts corporation with its principal place of business in Duluth, Georgia. Primerica is a citizen of Massachusetts and Georgia within the meaning of 28 U.S.C. §1332(c).

2.

**Defendant, James Russell Raine.** Defendant, James Russell Raine, is a person of the full age of majority and a resident of Mississippi, and currently resides at 99 Ellis Hart Road, Poplarville, MS 39470.

1



3.

**Defendant, Estate of Ernest R. Smith, Jr.** Defendant was a resident of the State of Louisiana, Parish of Orleans at the time of his death, and the Succession of Ernest R. Smith, Jr. has been judicially opened in the Parish of Orleans.

4.

**Defendant, Emma J. Smith.** Defendant, Emma J. Smith, is a person of the full age of majority and, on information and belief, currently a resident of Mississippi.

5.

**Defendant, Marshall Funeral Home**, Defendant is a business located at 825 Division Street, Biloxi, MS 39530, that, on in formation and belief, provided funeral and burial services for Ernest R. Smith, Jr.

## JURISDICTION AND VENUE

6.

**Jurisdiction.** This Court has jurisdiction under 28 U.S.C. §1332, as there is complete diversity between Primerica, on the one hand, and James Russell Raine, Succession of Ernest R. Smith, Jr., Emma J. Smith and Marshall Funeral Home (collectively the "Defendants"), on the other hand, and the amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs. Additionally, the Court has original jurisdiction under 28 U.S.C. §1335, because this is an interpleader action arising under an insurance policy in an amount greater than

$500.00, there are at least two Defendants of diverse citizenship with adverse claims to the proceeds, and Primerica is seeking to deposit the disputed funds into the Registry of the Court.

7.

**Venue.** Venue is proper in this Court pursuant to (1) 28 U.S.C. §1391(b) as jurisdiction is not founded solely on diversity of citizenship, and a substantial part of the events or omissions giving rise to the claim occurred in this judicial district, and (2) U.S.C. §1397, as at least one Defendant claiming entitlement to the proceeds resides in this judicial district.

8.

## OPERATIVE FACTS

**The Policy.** On or about December 25, 1997, Primerica issued its policy number 0431595867 (the "Policy") to Emma J. Smith , under which she was provided life insurance in the amount of $100,000.00 (the "Policy Proceeds") on the life of Ernest R. Smith, Jr. See Exhibit A. Mrs. Smith was also insured under a spouse rider for $100,000.00. The Policy also contained a $10,000.00 child rider.

9.

Emma J. Smith, was designated as the principal beneficiary in the application for the Policy. There was no contingent beneficiary specified. Id.

10.

3

**Coverage Changes:** On or about April 19, 2000, a "Policy Change Application" was submitted requesting that Primerica increase the death benefit on the life of Ernest R. Smith, Jr. to $300,000.00. The Policy Change Application also added a child under the child rider. The principal beneficiary remained Emma J. Smith. See Exhibit B.

11.

On January 13, 2004, another Policy Change Application was submitted to Primerica requesting that the death benefit on the life of Ernest R. Smith, Jr. be increased by $150,000.00 for a total death benefit of $450,000.00. See Exhibit C. Emma J. Smith remained designated as the principal beneficiary and no contingent beneficiaries were designated.

12.

On November 13, 2005, another Policy Change Application was submitted to Primerica requesting a $350,000.00 increase in the death benefit on the life of Ernest R. Smith, Jr. See Exhibit D. The total death benefit payable on the life of Ernest R. Smith was $800,000. Emma Smith remained the principal beneficiary and no contingent beneficiaries were designated.

13.

On February 20, 2006, a "Multipurpose Change Form" was submitted to Primerica requesting that a change in the designated beneficiaries be made. See

Exhibit E. The Multipurpose Change Form sought to designate Ernest R. Smith Jr. as a 50% principal beneficiary and James R. Raine as a 50% principal beneficiary.

14.

**Ernest R. Smith, Jr. Dies.** On April 12, 2006, Ernest R. Smith, Jr. was found dead at his residence at 11700 Roger Drive, Apartment D, in New Orleans, Louisiana. According to the medical examiner, Ernest R. Smith, Jr. died of "Multiple Gunshot Wounds." See Exhibit F. The New Orleans Police Department ("NOPD") classified Mr. Smith's death as a "Homicide/Shooting" and possible "1st DEGREE Murder." See Exhibit G.

15.

**The NOPD is Investigating Ernest R. Smith, Jr.'s Murder.** The NOPD is investigating Ernest R. Smith, Jr.'s murder. Primerica has been advised that Emma J. Smith "cannot be ruled out as a suspect in the death of Ernest Smith." See Exhibit H.

16.

**Statutory Forfeiture.** Pursuant to La. R.S.22:613, a designated beneficiary under a life insurance policy is disqualified from receiving the policy proceeds if the beneficiary "willfully" caused the death of the insured. In such cases, the contingent beneficiary receives the policy proceeds. If no contingent beneficiary has been designated, then the proceeds are paid to the insured's "nearest relative." In the

event that Emma J. Smith is disqualified from receiving the Policy Proceeds, one or more of the other Defendants may be entitled to them. Upon information and belief, the nearest relatives and/or heirs of Ernest R. Smith, Jr. have not been judicially determined within a succession proceeding.

17.

Nevertheless, Emma J. Smith has attempted to claim the benefits of the Policy, even though she is not a designated beneficiary. See Exhibit I. She has also made demand of Primerica, as the self appointed administratrix of the estate of Ernest R. Smith, Jr., to pay the death benefit to her. See, in globo, Exhibit J. She has also attempted to present to Primerica various assignments executed by James R. Raine and Queentene Jefferson, of questionable authenticity, that purport to assign to her any and all rights that they may have in the benefits payable under the Policy. See id.

18.

Emma J. Smith has also instituted proceedings in the Chancery Court of Pearl River County Mississippi seeking to be declared the owner and beneficiary of the Policy benefits. See in globo Exhibit K.

19.

Ernest R. Smith, Jr.'s succession must be opened in Louisiana, because he was a resident of the State of Louisiana, Parish of Orleans, at the time of his death and

venue for opening a succession, according to Louisiana law, is jurisdictional. Because no one acting on Ernest R. Smith's behalf timely moved to open his succession to determine his rights to receive the designated 50% benefit under the Policy (or $400,000.00) or to receive said insurance proceeds, Primerica moved the Civil District Court for the Parish of Orleans, State of Louisiana, in the matter styled *Primerica Life Insurance Company v. Ernest R. Smith, Jr.*, CDC # 07-5894, Div. H-12, to appoint an attorney at law to represent the interests of Ernest R. Smith, Jr. and to judicially open his succession.

20.

**Primerica's Possible Double or Multiple Liability.** Primerica has reasonable doubt as to who, among the Defendants, is entitled to the Policy Proceeds. Primerica seeks resolution of conflicting claims in good faith. Primerica is or may be exposed to double or multiple liability. Primerica has no interest whatsoever in the Policy Proceeds other than fulfilling its contractual obligation to pay the sums due to the appropriate party. Accordingly, Primerica has no independent liability to any of the Defendants and is a disinterested stakeholder in this case. In connection with the filing of this Complaint, Primerica will file a Motion and Order to Deposit Policy Proceeds Into the Registry of the Court. Upon receipt of the signed Order, Primerica will deposit a check in the amount of the Policy benefit, plus accrued interest and a refund of any unearned premium, with the Clerk of Court for the United States

District Court for the Eastern District of Louisiana.

21.

**Retention of Counsel.** As a result of the present controversy, Primerica had to retain the undersigned counsel and has agreed to pay attorneys' fees and costs of Court.

## CLAIMS FOR RELIEF

22.

**Interpleader.** Primerica has a good faith doubt as to whom the Policy Proceeds are owed. Primerica admits its obligation to pay the Policy Proceeds, but cannot pay those Policy Proceeds without subjecting itself to the possibility of double or multiple liability. Primerica is a disinterested stakeholder with respect to the Policy Proceeds and claims no beneficial interest therein, except for attorneys' fees and costs incurred in connection with this interpleader. Furthermore, Primerica has no independent liability to any Defendant in this interpleader. Primerica shall pay into the Registry of the Court the Policy Proceeds, together with applicable interest.

23.

**Attorneys' Fees.** Primerica is entitled to its reasonable and necessary attorneys' fees and costs in connection with its claim for interpleader.

## PRAYER

Primerica respectfully request the following relief:

a. That Defendants be served with process and be required to answer in the time and manner prescribed by law;

b. That the Court grant the interpleader and accept the Policy Proceeds into the Registry of the Court;

c. That each of the Defendants be ordered to interplead and settle among themselves their rights and claims for the Policy Proceeds;

d. Pursuant to 28 USC § 2361, Primerica also prays that this Honorable Court will enter an order restraining any and all claimants/defendants from instituting or prosecuting any proceedings affecting the Policy or the benefits payable thereunder;

e. That upon final hearing, the Defendants, for themselves, their heirs, legal representatives, successors, and assigns, and all other persons claiming by, through, or under them, be permanently enjoined and restrained from instituting or prosecuting any proceeding in any state or United States Court against Primerica and its agents and representatives for the Policy Proceeds;

f. That Primerica be awarded its reasonable attorneys' fees and costs of Court in connection with this interpleader;

g. That Primerica, its agents and representatives, be fully and finally discharged from further liability to the Defendants; and,

h. That the Court grant Primerica all such other and further relief, both general and special, at law or in equity, to which it may show itself justly entitled.

Respectfully submitted,

IRWIN FRITCHIE URQUHART & MOORE LLC

By: _____/s/_____

Richard E. McCormack, T.A. (#14194)
David M. Melancon (#23216)
Edward J. Trapolin (#27667)
400 Poydras Street
Suite 2700
New Orleans, Louisiana 70130
Telephone:   (504) 310-2100
Facsimile:    (504) 310-2101

*Attorneys for Plaintiff, Primerica Life Insurance Company*

**SERVICE INSTRUCTIONS:**

PLEASE SERVE:

Succession of Ernest R. Smith, Jr.
Through the Court appointed attorney at law,
Edward R. McGowan, Esq.
Edward Robert McGowan, LLC
650 Poydras Street, Suite 2105
New Orleans, LA 70130

Emma J. Smith
10700 Roger Drive, Apt. D
New Orleans, LA 70127

Emma J. Smith
2250 Gause Blvd., Suite 51019
Slidell, LA 70461

**ADDITIONAL SERVICE INSTRUCTIONS ON THE NEXT PAGE:**

PLEASE ISSUE THREE (3) <u>CERTIFIED</u> COPIES OF THIS COMPLAINT AND THREE (3) CONFORMED COPIES OF THE SUMMONS FOR LONG-ARM SERVICE ON:

James R. Raine
99 Ellis Hart Road
Poplarville, MS 39470

Marshall Funeral Home
825 Division Street
Biloxi, MS 39530

Emma J. Smith,
Through her attorney at law
Nathan S. Farmer
120 Goodyear Blvd.
Picayune, MS 29232

U:\lferret\PRIMERIC.REM\SMITH\Complaint for Interpleader.doc