## IN THE CHANCERY COURT OF PEARL RIVER COUNTY

## STATE OF MISSISSIPPI

EMMA J. SMITH                                                   **PLAINTIFF**

.VERSUS                                           CIVIL ACTION NO.: <u>06-0550-GN-F</u>

PRIMERICA LIFE INSURANCE
COMPANY                                                        **DEFENDANT**

### SUPPLEMENTAL PETITION FOR THE APPOINTMENT OF ADMINISTRATRIX, DETERMINATION OF HEIRSHIP AND FOR OTHER RELIEF

COMES NOW, Emma J. Smith, interested party and heir-at-law of the Decedent,
and files this, her Supplemental Petition for Appointment of Administratrix,
Determination of Heirship and for Other Relief in the above-styled and numbered
cause, seeking this Court's appointment as Administratrix of the Decedent, a
determination of heirship and for other relief and in support thereof would show unto
this Court, the following, to-wit:

### COUNT 1

### ESTATE ACTION

1.

That, Ernest J. Smith, Jr., Decedent herein was an adult resident citizen of Pearl
River County, Mississippi, when he departed this life, in the State of Louisiana, on or
about April 12, 2006, leaving no Last Will and Testament and so far as your Petitioner
knows or believes.

2.

Petitioner is an adult resident citizen of Pearl River County, Mississippi, and is
the widow and an heir-at-law of the Decedent. The Decedent's only other known heirs-
at-law, were your Petitioner and his adult daughter, Queentene Jefferson.

*FILED*

MAY 1 6 2007

DAVID EARL JOHNSON, CHANCERY CLERK

By _____ D.C.

EXHIBIT
J

3.

The Decedent, died, seized and possessed of certain real, personal and/or mixed property primarily situated in Pearl River County, Mississippi.  The Decedent's Estate is a small estate in terms of assets there is no need for appraisal and Petitioner requests that an appointment of appraiser should be dispensed with by this Court.

4.

That since the Decedent's estate is small any bond required by this Court to be posted by the Administratrix should be minimal.

5.

That your Petitioner is a fit, suitable and qualified person to serve as Administratrix of the Estate of the Decedent so that a proper management of the aforesaid Decedent's estate may be had in the time and manner required by law and that Petitioner is further willing to accept the trust and appointment of Administrator of the Estate of the Decedent.

**COUNT 2**

**DETERMINATION OF HEIRSHIP**

6.

Petitioner herein incorporates by reference to this proceeding Paragraphs 1 through 5 of this Petition for Appointment of Administratrix and Determination of Heirship and for Other Relief.

7.

The Decedent departed this life, intestate on or about, April 12, 2006.  The Decedent was married at the time of his death unto the Petitioner and had one adult child.   The Petitioner filed a Supplemental Petition to Determine Heirs and For Other Relief which has been joined into by the Petitioner and the Decedent's adult daughter. Therefore, under the laws of descent and distribution, your Petitioner would show the following are the heirs-at-law of the Decedent to-wit:

1)    Emma J. Smith, Widow and Adult Competent

2)    Queentene Jefferson, Daughter and Adult Competent

8.

The names of any other heirs, if any, of the Decedent are unknown to the Petitioner after diligent search and inquiry.

9.

Petitioner would show unto this Court that it would be in the best interest of this Estate for a formal determination to be made of the heirs-at-law of the Decedent,. Therefore, all heirs-at-law of the Decedent,, whose names, post office addresses and street addresses are unknown to the Petitioner after diligent search and inquiry are hereby made party Defendants to this Petition.

10.

Petitioner would request of and from this Court, that process be issued in the time and manner required by law, directing all known heirs and/or unknown heirs of the Decedent to appear at a time, day and place certain and to there and then answer the Petitioner's Petition for Determination of Heirship.

## COUNT THREE

### OTHER RELIEF

11.

Petitioner herein incorporates by reference to this proceeding Paragraphs 1 through 10 of this Petition for Appointment of Administratrix and Determination of Heirship and for Other Relief.

12.

That upon being appointed Administratrix, by this Court, your Petitioner would request that he be authorized to open up an interest bearing checking account at a banking institution insured by Federal Deposit Insurance Corporation, United States Government and to deposit in said bank any and all funds which belong to the Estate of the Decedent. That said interest bearing checking account should be a restricted account in that no withdrawal should be allowed or made without prior written authorization from this Court. The Petitioner would also request that said banking institution be required to execute the proper acknowledgment of the receipt of Orders and funds as required by law.

13.

Plaintiff would also show that at the time of his death the Decedent was insured pursuant to Life Insurance Policy Number 0431595869 issued by the Defendant, together with various riders attached thereto for a time period apparently beginning in September, 1997, through January, 2006, as more fully set forth in the Combined Complaint for Equitable and Other filed in these proceedings on October 31, 2006, the allegations of which are incorporated herein by reference. The owner and primary beneficiary under this Policy 0431595869 is the Plaintiff. The primary insured under the

subject Policy is the Plaintiff's late husband, Ernest R. Smith, Jr. The Policy has been issued to the Plaintiff and her late husband while they have resided in Mississippi, Louisiana, and Texas.

14.

The Defendant has not been served in this matter due to the fact the Defendant has not formally denied the Plaintiff's claim for policy benefits. The reason the Defendant has not been served is the fact that a murder investigation was concluded in which the Plaintiff was cleared as a suspect.

15.

Subsequently, the Defendant apparently raised an issue with respect to the Plaintiff executing a change of beneficiary form dated February 20, 2006. The Defendant questions as to whether said beneficiary change form changed the beneficiary from the Plaintiff to the Decedent and a Mr. James R. Raine. Investigation reveals that said change form related to changing the beneficiaries on the Plaintiff's portion of the subject Policy and not Mr. Smith. Additionally, the only other heir-at-law of Decedent and Mr. Raine executed an Assignment, Declaration and Disclaimer transferring an interest in and to the proceeds produced from the death of the Decedent.

16.

The Defendant has requested the Petitioner also procure an Order from this Court authorizing the Petitioner to execute documents necessary to effect the transfer of any claims for benefits by the Decedent's heirs unto the Petitioner. That your Petitioner would request the Court to authorize and find that the Assignment, Declaration and Disclaimer executed by the Petitioner individually and the Decedent's

adult daughter is sufficient to transfer and/or assign any right to the one-half ( ½ ) of the insurance proceeds unto Petitioner individually.

WHEREFORE, THE PREMISES CONSIDERED, your Petitioner, Emma J. Smith , prays that this Petition be received and filed by the Clerk of Court and upon a hearing the Court will grant the following relief, to-wit;

1)      Direct the Estate of the Decedent be administered in order to properly manage the aforesaid assets of the Estate;

2)      Grant Letters of Administration unto the Petitioner herein upon her taking the Oath prescribed by Statute and entering into bond, in a sum and with such sureties as would be approved by this Court;

3)      Waive the necessity for an appraisal and that appointment of appraisers be waived and dispensed with by this Court;

4)      That process be issued upon every other heir-at-law not otherwise joining in this petition and further, direct that publication as provided by law to command, all heirs-at-law of the Decedent, to answer this Petition in the time and manner prescribed by law and to be and appear before this Court at a date to be determined by this Court, then and there to show cause if any they can, why the relief requested by your Petitioner relative to the determination of heirship should not be granted, answering under oath being hereby specifically wiaved and that upon a full and complete hearing hereon this Court would enter its Judgement recognizing and adjudicating that Petitioner and the Decedent's adult daughter are the sole and only heirs-at-law of the Decedent;

5)   Authorize and direct the Petitioner, upon qualifying as Administratrix, to open up an interest bearing checking account, at banking institution insured by the Federal Deposit Insurance Corporation, and further directing that said account be restricted and that any and all withdrawals therefrom be by Court Order only certified under the law with said banking institution being directed to acknowledge the receipt of said restricted funds by proper document;

6)   Find and declare the Assignment, Declaration and Disclaimer executed by Queentene Jefferson and James R. Raine, is sufficient to award any and all of the proceeds from Policy 0431595869 due on account of the death of the Decedent solely and exclusively unto the Petitioner, Emma Smith; and authorize the Petitioner to execute any documents necessary to effect the disclaimer of such policy benefits.

7)   Petitioner further prays for such other general and/or specific relief that he may be entitled to in law and equity.

Respectfully submitted,

EMMA J. SMITH, PETITIONER

_____
NATHAN S. FARMER, ESQ.
OF COUNSEL FOR THE PETITIONER
MSB #09353
120 GOODYEAR BOULEVARD
POST OFFICE BOX 1608
PICAYUNE, MS 39466
(601) 749-8745
(601) 749-7045 FAX

## VERIFICATION

STATE OF MISSISSIPPI                )
                                    )
COUNTY OF PEARL RIVER )

PERSONALLY CAME AND APPEARED before me, the undersigned authority in and for

the aforementioned jurisdiction, the within named, EMMA J. SMITH, who, being by me first duly

sworn, states upon her oath that the matters and things set forth in said PETITION FOR THE

APPOINTMENT OF ADMINISTRATRIX, DETERMINATION OF HEIRSHIP AND FOR OTHER

RELIEF are true and correct as therein set forth, stated and charged.

_____
EMMA J. SMITH

SWORN TO AND SUBSCRIBED, before me, this the 5th day of May, A.D.,
2007.

_____
NOTARY PUBLIC

My Commission Expires:
10-31-2010