## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**PRIMERICA LIFE INSURANCE**                                    **CIVIL ACTION**
**COMPANY**

**VERSUS**                                                      **NO. 07-3550**

**JAMES RUSSELL RAINE, SUCCESSION**                             **SECTION "T"(5)**
**OF ERNEST R. SMITH, JR., EMMA**
**SMITH, AND MARSHALL FUNERAL**
**HOME**

Before the Court is a Motion to Dismiss for Lack of Subject Matter Jurisdiction or Alternatively, Motion to Abstain and Stay Proceedings filed by defendants, James Russell Raine ( hereinafter, "Raine"), Emma J. Smith (hereinafter "Smith"), individually and Emma J. Smith as Administratrix of the Estate of Ernest R. Smith Jr.. Rec. Doc 21. Plaintiff, Primerica Life Insurance Company (hereinafter, "Primerica"), filed an Opposition to the Motion to Dismiss. Rec. Doc 27. Defendant, Succession of Ernest R. Smith, Jr. (hereinafter "the Succession"), filed a Motion to Adopt Opposition to Motion to Dismiss filed by Primerica. Rec. Doc 30. The Court, having considered the memoranda and arguments of the parties, the law, and applicable jurisprudence is fully advised in the premises and ready to rule.

## ORDER AND REASONS

### I.    BACKGROUND

Plaintiff, Primerica, is a Massachusetts corporation with its principal place of business in Duluth, Georgia, which sells insurance in Mississippi. Defendant Smith is currently a resident of Mississippi. On or about December 25, 1997, Primerica issued Insurance Policy Number 0431595867 (the "Policy") to defendant for $100,000.00 on the life of Ernest R. Smith, Jr. The Policy also insured the defendant  under a spouse rider for $100,000.00 and contained a

$10,000.00 child rider.  The defendant was designated as the principal beneficiary in the Policy

and no contingent beneficiaries were specified.  Pursuant to Mississippi Dept. Of Ins. Regulation

99-3, a document entitled "Summary of Mississippi Life and Health Insurance Guaranty

Association Act and Notice Concerning Coverage Limitations and Exclusions" was attached to

the Policy.  In relevant part, Part 3, Beneficiary Provisions reads:

> BENEFICIARY - The Beneficiary's interest will end if the
> Beneficiary dies before the Insured.  If no Beneficiary is living at
> the time Insured's death, the death proceeds will be paid to any
> contingent Beneficiary.  The proceeds will be paid to the Owner if
> the Insured dies and there is no primary or contingent Beneficiary.
> Proceeds will be paid to the Insured's estate if there is no living
> Beneficiary or Owner."

> CHANGE OF BENEFICIARY - You can change a Beneficiary by
> Notice to Us.  You can only change a Beneficiary while the
> Insured is alive.  A Beneficiary designated irrevocably on our
> records may not be changed except with the written consent of that
> Beneficiary.  A Beneficiary change will take effect on the date
> You signed the Notice to Us.  If the Insured died before We
> receive this Notice, the change is effective, subject to any prior
> payments of proceeds.

The defendant submitted several Policy Change Applications to increase the amount of

death benefits on the life of Ernest R. Smith Jr.  On November 13, 2005, the total death benefit

payable on the life of Mr. Smith was $800,000.00.  The defendant remained the principal

beneficiary and no contingent beneficiaries were designated.

On February 20, 2006, a Multipurpose Change Form was submitted by the defendant to

Primerica seeking to designate Mr. Smith as a 50% principal beneficiary and Raine, a resident of

Mississippi, as a 50% principal beneficiary. The relevant portion of the Change Beneficiary

section in the Multipurpose Change Forms reads:

> All designations of present beneficiaries and elections of

2

> settlement options pertaining to death benefits on the referenced
> Policy are hereby revoked and the proceeds pay able under said
> Policy are to be paid to the following named person(s) as specified
> below pursuant to the payment provisions of said Policy, with the
> right to change this designation reserved:
>
> Principal Beneficiary: Principal Beneficiaries in equal shares to the
> survivor(s), unless otherwise directed under percentage/amt.
> Column.  If this is an Irrevocable Beneficiary designation, check
> here...".

Neither Ernest R. Smith, Jr. Or Raine were designated as an irrevocable beneficiary.

On April 12, 2006, Mr. Smith died of multiple gunshot wounds in his New Orleans residence. Mr. Smith's succession was subsequently opened in New Orleans and Ned McGowan was appointed to represent the Succession of Mr. Smith.  The Succession is asserting claims to withdraw 50% of the proceeds held in the registry of this court.

On March 20, 2007, Raine and Queentene Jefferson, Mr. Smith's daughter, executed an Assignment Declaration and Disclaimer before the Notary Public in Pearl River County, Mississippi to transfer all the proceeds under the Policy to Ms. Smith.

On April 20, 2007 Primerica forwarded two Disclaimer and Waiver forms for Raine and the Estate of Ernest R. Smith, Jr. to sign.  The purpose of the forms was to irrevocably disclaim and waive any claim Raine or the Estate may have against the Policy and to authorize Primerica to distribute the benefit amount to the defendant.  These forms were signed by Raine and Ms. Smith in her capacity as Administratrix of Ernest R. Smith, Jr.'s Estate.

On October 31, 2006, the defendant filed a Complaint in the Chancery Court of Pearl River County, Mississippi, seeking an award of the Policy proceeds.  Defendant Smith later filed two Supplemental Petitions in the same court seeking 1) ratification and approval of the March 20, 2007 Assignment, Declaration and Disclaimer executed in favor of the defendant, 2) to

3

appoint the defendant as Admistratrix of Mr. Smith's estate; 3) to determine the heirs-at law of

Mr. Smith; and 4) to direct that any and all proceeds of the policy to be paid to Ms. Smith.

Defendant Smith also filed a Motion to Sequester the proceeds of the Policy on June 5, 2007.

Primerica was served with Ms. Smith's lawsuit on June 11, 2007, and its responsive

pleadings were due to be filed on or before July 11.  Primerica states that it was not served with

the motion to appoint defendant Smith as the Administratrix.

On June 29, Primerica instituted the instant interpleader action in this Court and prayed

that this Court stay all actions that asserted claims against the interpleaded funds.

On July 2, the Mississippi Chancery Court held a hearing which was attended by counsel

for Ms. Smith and Primerica.  The Chancery Court entered its judgement on July 9 and found

that Mr. Smith was a Mississippi resident at the time of his death, appointed Ms. Smith as

Administratrix over the estate, and ordered Primerica to deposit the Policy proceeds.  Ms. Smith,

as an assignee and  Administratrix, filed a Motion for Summary Judgement in Mississippi

seeking to establish that the Policy proceeds are to be paid exclusively to Raine, while reserving

the issue of the effect of any extraneous contracts between Raine, Queentene, and Smith.

On July 5, 2007, this Court granted the stay, staying all actions, including Smith's

Mississippi state court action, and entered an order directing Primerica to pay the Policy

proceeds into the Registry of this Court.

By email dated July 9, Primerica confirmed that Smith received the stay order and that

the insurance proceeds had been deposited in the registry of this Court.  By return email, Smith's

counsel declared that he would continue to litigate the Mississippi state court action and

disregard this Court's stay order.  In order to avoid potential duplicative liability, on July 11,

Primerica removed the Chancery Court action to the United States District Court for the

Southern District of Mississippi and immediately moved to have this Court's stay order given

full faith and credit.  On September 12, the Mississippi federal court affirmed the full faith and

credit, and ordered the parties in the Mississippi action to cease all activity.

On August 15, Smith filed the instant Motion to Dismiss and asserted that  this Court

lacks subject matter jurisdiction or in the alternative, the Court stay and/or abstain from

proceeding.  The abstention claim was subsequently withdrawn.  Smith argues that: (1) pursuant

to Article III of the U.S. Constitution, Primerica lacks standing because Primerica has suffered

no injury and has causal connection between the injury and conduct complained of; (2) that there

is no longer any issues which are "live" and/or the Defendants other than Ms. Smith lack any

legally cognizable interest; (3) pursuant to 28 U.S.C 1335 there does not exist two or more

adverse claimants of diverse citizenship who are claiming or may claim to be entitled to the

Proceeds and Primerica is now independently liable to Smith under Mississippi law; (4)

Primerica is not exposed to double and/or multiple liability; and (5) the Chancery Court of Pearl

River County obtained exclusive jurisdiction over the Policy proceeds.

In response, Primerica filed an opposition asserting that: (1) this Court does not lack

subject matter jurisdiction, because there is diversity;  (2) Primerica does have standing because

it is subject to multiple actions and potentially multiple liabilities; and (3) the issues in this

litigation are not moot.  The Succession  also filed a motion adopting Primerica's opposition.

## II.     LAW AND ANALYSIS

### 1.      *Interpleader Subject Matter Jurisdiction*

Pursuant to the Federal Interpleader Act, 28 U.S.C. § 1335, "a court shall have original

5

jurisdiction of any civil action of interpleader..filed by any person, firm, or corporation...having

issued...policy of insurance...of value or amount of $500 or more...” and where there are “two or

more adverse claimants, of diverse citizenship.”  In *State Farm Fire & Cas. Co. V. Tashire*, 386

U.S. 523 (1967), the Supreme Court stated that this provision has been construed to require only

‘minimal diversity,’ that is diversity of citizenship between two or more claimants, without

regard to the circumstances that other rival claimants may be co-citizens.[1]  Furthermore, the

Supreme Court has found that Article III of the Constitution poses no obstacle to the legislative

extension of federal jurisdiction, founded on diversity, so long as any two adverse parties are not

co-citizens.[2]

     The amount in controversy, which exceeds $800,000.00 and the citizenship of plaintiff

Primerica (Massachusetts and Georgia), defendants Raine (Mississippi), and Ms. Smith

(Mississippi) are not challenged by the adverse parties.  It is also not challenged that Primerica

issued the Policy with a benefit of $800,000.  Because Primerica issued the Policy and is diverse

from two of the named defendants, there is adequate diversity for this Court to assert subject

matter jurisdiction.

     Both parties, however, dispute whether the Succession is entitled to make a claim to the

---

[1] *See e.g. Haynes v. Felder*, 239 F.2d 868, 872-875 (C.A. 5th Cir. 1957); *Holcomb v. Aetna Life Insurance Co.*, 255 F.2d 577, 582 (C.A. 10th Cir.), cert. Denied sub nom.; *Fleming v. Aetna Life Insurance Co.*, 358 U.S. 879 (1958).

[2] *State Farm Fire & Cas. Co. V. Tashire*, 386 U.S. 523, 530 (1967); *See e.g. American Fire & Cas. Co. v. Finn*, 341 U.S. 6, 10, n.3 (1951) and *Barney v. Latham*, 103 U.S. 205, 213 (1881), construing the removal statute, now 28. U.S.C. s.1441(c)

Policy proceeds. Defendant Smith asserts that Raine is entitled to all of the Policy proceeds pursuant to the terms of the Policy and statutory laws of Mississippi and Louisiana, and thus the Succession is not entitled to the proceeds.   Primerica notes that the Succession of Mr. Smith was opened in Orleans Parish and neither party has challenged the appointment of Mr. Ned McGowan, a Louisiana resident, as the succession representative.  However, the issue of whether or not the Succession has any rights to the Policy proceeds is not before the Court at this time.

    2.    *Standing–Article III Case or Controversy Requirement*

    Article III of the United States Constitution requires that a case or controversy must exist in order for a federal court to have jurisdiction.[3]  The case or controversy requirement is the "'irreducible constitutional minimum' of standing."[4]  To assert standing, a plaintiff must establish three elements: "(1) that he has suffered an injury-in-fact, a harm suffered by the plaintiff that is concrete and actual or imminent, not conjectural or hypothetical"; (2) "causation-a fairly traceable connection between the plaintiff's injury and the complained of conduct of the defendant"; and (3) "redressiblity-a likelihood that the requested relief will redress the alleged injury."[5]  The party invoking federal jurisdiction, here the plaintiffs, "bears the burden of establishing these elements, and each element must be supported in the same way as any other matter on which the plaintiff bears the burden of proof."[6]

---

[3] U.S. Const., Art. III § 2. cl. 1.

[4]*Coliseum Square Ass'n, Inc. v. Dep't of Housing and Urban Dev.*, 2003 WL 715758, 3 (E.D. La., 2003).

[5] *Sierra Club v. Glickman*, 156 F.3d 606, 619 (5th Cir. 1998), citing *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 101-4 (1998).

[6]*Coliseum Square*, 2003 WL 715758 at 3.

Primerica asserts, and this Court agrees, that it has standing to assert the claims in this case.  Primerica is, or was, the holder of certain instance proceeds exceeding $500.00 and sought this Court's protections in determining who are the proper beneficiaries of the policy.  Primerica was faced with liability in this action as well as the action instituted by Ms. Smith in Mississippi, which shows that Primerica was subject to multiple actions, and potentially multiple liabilities. Primerica has standing to seek one court to adjudicate the claims regarding the payment of the policy proceeds.

   *3. Mootness*

When a controversy no longer exists, a claim based on it is moot.  Under Article III, a matter is moot if the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome.[7]  To have a legally cognizable interest in the outcome, a plaintiff must establish an injury traceable to the defendant that is susceptible to some judicial remedy.[8]

In the instant case, this Court finds that the issues in this litigation are not moot.  Primerica has a legally cognizable interest in the outcome of the instant case, because it was served with the Ms. Smith's lawsuit, initiated the instant interpleader action in this Court, and issued the Policy in which Ms. Smith and the Succession are trying to assert a claim against.

Additionally, Primerica argues, and this Court agrees, that there are no longer any pending state court actions and no final and enforceable judgments or orders from any other court that would moot any issue before this Court.  Primerica cites to *E.D. Systems Corp. v. Southwestern*

_____

[7]*John Doe#1 v. Veneman*, 380 F.3d 807, 814 (5th Cir. 2004).

[8]*Id.*

*Bell Tel. Co.*, 674 F.2d 453, 458 (5th Cir. 1982), in which the Fifth Circuit stated that upon filing of a petition for removal, "the jurisdiction of the state court absolutely ceased" and "the duty of the state court was to proceed no further in the case." The Fifth Circuit further stated that state court jurisdiction is not restored until the federal court remands the case and that a federal court may enjoin a party from enforcing the state court judgment.[9] In the instant case, the Chancery Court was divested of jurisdiction when Primerica filed for removal on July 11, 2007, thereby making that court's judgements unenforceable. Further, this Court's stay order predates any judgments entered into the Chancery Court, thereby depriving them of legal effect. The Mississippi federal court action is also stayed.

Accordingly,

        **IT IS ORDERED** that the Motion to Dismiss for Lack of Subject Matter Jurisdiction or Alternatively, Motion to Abstain and Stay Proceedings filed on behalf of the defendants, James Russell Raine and Emma J. Smith, be and the same is hereby **DENIED**.

        New Orleans, Louisiana, this 3rd day of March, 2008.

                                        **G. THOMAS PORTEOUS, JR.**
                                        **UNITED STATES DISTRICT JUDGE**

---

[9] *E.D. Systems Corp.*, 674 F.2d at 458, citing *Adair Pipeline Co. V Pipeliners Local Union No. 798*, 325 F.2d 206 (5th Cir. 1963).